UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON ALLEN CATALDO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:25-cv-01567 (UNA) |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint, ECF No. 1, and his Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained below, the Court denies Plaintiff's IFP Application and dismisses this matter without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), by which the Court is required to dismiss a case "at any time" if it determines that the action is frivolous.

At the outset, the Court denies Plaintiff's IFP Application, in which he largely repeats the allegations presented in the Complaint. *See* generally IFP App. He briefly, and broadly, contends that he "has no income, no assets, and no means of financial support," *id.* at 1, and while the Court takes him at his word, he nonetheless fails to provide any specific details regarding his financial circumstances as required, leaving the Court without enough information to assess his current financial circumstances. *See* 28 U.S.C. § 1915(a)(1); Form No. AO 240. Furthermore, the Application is neither signed nor accompanied by an affidavit. *See* Fed. R. Civ. P. 11(a); 28 U.S.C. § 1915(a)(1).

Plaintiff's Complaint fares no better. The Court notes that Plaintiff has failed to provide an address or any contact information apart from his email address, thus contravening D.C. Local Civil Rule 5.1(c)(1), (g). *See* Compl. at 1. He sues the United States, the U.S. Departments of

Defense, Commerce, and Energy, OpenAI, Google, Microsoft, NVDIA, Alibaba Group, and "any other federal, state, foreign government, private entity, or person developing advanced AI systems" and demands equitable relief. *See id*. at 1, 6–7. The allegations consist of ruminations about Plaintiff's fear arising from the development of advanced artificial intelligence, interspersed with quotations, esoteric references, and fantastical concerns about the end of mankind. *See id.* at 2–7. Like his IFP Application, it is also unsigned, *see* Fed. R. Civ. P. 11(a).

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981). The Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant Complaint satisfies this standard.

Accordingly, the Complaint and this case are dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date: August 26, 2025                           _____/s/_____
                                                              JIA M. COBB
                                                      United States District Judge